# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:16-cv-67-FDW

| | |
|---|---|
| JOSHUA LEE BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALAN HOUSER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the following motions: (1) a Motion for Depositions, (Doc. No. 54), filed by Plaintiff; (2) a Joint Motion to Dismiss or, Alternatively, Motion to Compel Plaintiff's Attendance at Deposition, (Doc. No. 57), filed by Defendants Alan Houser, Judy Humphries, and John H. Piland; (3) a Motion to Compel Discovery, (Doc. No. 59), filed by Plaintiff; (4) a Motion for Extension of Time to Respond to Discovery, (Doc. No. 67), filed by Plaintiff; (5) a Motion to Present Facts and Injunction Relief, (Doc. No. 68), filed by Plaintiff; (6) a Motion to Subpoena Information, Documents, Audio/Video, (Doc. No. 65), filed by Plaintiff; and (7) a Motion for an Order to Compel Discovery, (Doc. No. 72), filed by Plaintiff.

## I. BACKGROUND

Pro se Plaintiff Joshua Lee Blackwell, a pre-trial detainee incarcerated at the Lincoln County Detention Center, in Lincolnton, North Carolina, originally filed this action on April 22, 2016, pursuant to 42 U.S.C. § 1983. In the First Amended Complaint (Doc. No. 35), filed on September 16, 2016, Plaintiff generally alleges that he received constitutionally inadequate medical care during his most recent confinement in the Lincoln County Detention Center, which

1

began in December 2015.  Defendant Lt. Alan Houser is the Jail Administrator for the Lincoln County Sheriff's Office.  Defendant Judy Humphries, the jail's nurse, and Defendant John Piland, the jail's doctor, are not employed by the Sheriff or Lincoln County.  Pursuant to this Court's original scheduling order entered on August 8, 2016, the discovery completion deadline was December 6, 2016.  (Doc. No. 26).  On January 5, 2017, the Court granted Defendants' motion for extension of time to file dispositive motions.  (Doc. No. 92).  Dispositive motions are now due by February 4, 2017.  Plaintiff has filed numerous motions related to discovery that are now pending.  Furthermore, Defendants have filed a motion to dismiss based on Plaintiff's refusal to sit for his deposition at the jail.  The Court will address the parties' motions in turn.

## II. DISCUSSION

### A. Defendants' Joint Motion to Dismiss or, Alternatively, Motion to Compel Plaintiff's Attendance at Deposition, (Doc. No. 57)

The Court first considers Defendants' motion to dismiss based on Plaintiff's refusal to allow his deposition to be taken.  Defendants' brief in support of the motion shows that on November 16, 2016, Plaintiff was served by mail with a Notice of Deposition, scheduling his deposition at the jail for 9 a.m. on November 29.  See (Doc. No. 57 at p. 3, ¶ 3: Declaration of Scott D. MacLatchie).  On the morning of November 29, counsel for all Defendants drove separately to Lincolnton fully expecting the deposition to go forward, as Plaintiff had never communicated otherwise beforehand.  (Id. at p. 4, ¶ 4).  Upon arrival at the jail, counsel learned that Plaintiff was refusing to leave his cell to be deposed, reportedly stating that only a judge could order him to give a deposition.  (Id. at p. 4, ¶ 5).

In response, defense counsel asked Detention Officer Charlie Greene to go back to Plaintiff's cell with a message:  The Notice of Deposition he had received was sufficient to

2

require his attendance; three attorneys had made the trip and were ready to proceed; and that if he continued to refuse, the Defendants would file a motion to dismiss his lawsuit. (Id. at p. 4, ¶ 5). Greene left and returned a short while later stating that Plaintiff was still refusing to leave his cell and be deposed. To memorialize what had occurred, the court reporter went on the record and, after being duly sworn, Greene recounted his brief conversation with Plaintiff. See (Doc. No. 57-2: Transcript, Ex. 2 to MacLatchie Declaration). As Greene testified: "[Plaintiff] said until the court orders him to do this deposition, his answer is still, yes, he's not coming." (Id. at p. 6, lines 6-8). Based on Plaintiff's refusal to submit to his deposition, Defendants seek an order from this Court either dismissing this action or ordering Plaintiff to sit for deposition and be assessed the costs Defendants incurred through his refusal to cooperate the first time around. In his response to the motion, Plaintiff concedes that he refused to allow his deposition, but he contends that his refusal but "not without cause" based on Defendants' failure to initially respond to Plaintiff's own motion for depositions. (Doc. No. 83 at 1).

FED. R. CIV. P. 37(d) allows the district court to dismiss an action if a party "fails, after being served with proper notice, to appear for that person's deposition." Here, Plaintiff was served by mail with "proper notice" some 13 days before the scheduled date. That alone was sufficient to require he present himself for deposition. Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1158 (9th Cir. 2010) (where the person to be deposed "is a party, a simple notice of deposition is sufficient to compel attendance"). No further "court order" was necessary.[1] Thus, dismissal is an appropriate consequence in this case. Nevertheless, the Court

---

[1] Although Rule 30(a)(2)(B) requires a court order to depose an inmate confined in "prison," Plaintiff is a pretrial detainee being housed in a local county jail. As such, Rule 30(a)(2)(B) is inapplicable. See Maryland v. Shatzer, 559 U.S. 98, 107 n.2 (2010) (explaining that "prison" refers to a "'state or federal facility of confinement for convicted criminals'" whereas "'persons

will not impose the drastic sanction of dismissal at this time. Rather, the Court will grant the relief Defendants alternatively seek by issuing an order requiring Plaintiff to participate in his deposition and by ordering Plaintiff to pay fees incurred by Defendants in traveling to take Plaintiff's failed deposition on November 29, 2016.

Fed. R. Civ. P. 37(a) authorizes the filing of a motion to compel where a party has failed to satisfy their discovery obligations. Where the motion is granted, subsection (a)(5)(A) requires the Court to award the moving parties "reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Here, Plaintiff's refusal was not substantially justified, and Plaintiff's indigent pro se status is insufficient to "make an award of expenses unjust." See Beasley v. Novant Health, Inc., No. 1:15cv946, 2016 WL 4435230, at *5 (M.D.N.C. Aug. 19, 2016) (a party's "pro se status does not excuse her from complying with discovery obligations or, in and of itself, render an award of expenses unjust"); Brown v. MV Student Transp., No. 4:11-cv-685, 2012 WL 2885252, at *2 (E.D. Mo. July 13, 2012) (the fact that the pro se plaintiff "was granted in forma pauperis status" would not relieve her from being assessed at least some of defendant's attorney's fees and costs arising out of plaintiff's submission of insufficient written discovery responses). Thus, the Court will enter an order compelling Plaintiff to submit to deposition on a new date and time to be set by Defendants within sixty (60) days of this Order. To this extent, the Court will extend the time for filing dispositive motions to 30 days after the

---

awaiting trial'" are housed in local detention centers called "jails").

date on which Defendants take Plaintiff's deposition.  Additionally, Plaintiff is responsible for reimbursing the costs associated with defense counsel travelling to and from Lincolnton on November 29.  Defendants shall submit these travel costs and the court reporter's fee to this Court within a reasonable time, and the Court will determine how much of the costs Plaintiff will be responsible to pay.

     B.  Plaintiff's Motion for Depositions, (Doc. No. 54)

The Court next considers Plaintiff's Motion for Depositions, filed on October 27, 2016, in which Plaintiff requests to take the depositions of the following persons: Defendant Houser, Defendant Humphries, Defendant Piland, Plaintiff's mother June Blackwell, Plaintiff's sister Ruby Boggess, and "Officer Stephens," who is identified as an officer at the Lincoln County Detention Center.  Plaintiff also states that he "comes to the court requesting to proceed with these depositions as indigent."  (Doc. No. 54 at 1-2).  Thus, he either seeks for the Court or Defendants to pay for the costs of the proposed depositions.

Civil litigants, including pro se litigants, generally bear their own deposition costs. Melton v. Simmons, No. 1:08CV458-3-MU, 2009 WL 454619, at *2 (W.D.N.C. Feb. 23, 2009) (citing Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa 1991) (28 U.S.C. § 1915(a) does not require the government to advance funds for deposition expenses); Doe v. United States, 112 F.R.D. 183, 185 (S.D.N.Y. 1986) (neither the defendant nor the government is required to pay for the deposition costs of a prisoner litigant)).  Furthermore, a plaintiff proceeding in forma pauperis must still pay fees associated with any depositions of defendants.  Brown v. Carr, 236 F.R.D. 311, 313 (S.D. Tex. 2006) (citing Tajeddini v. Gluch, 942 F. Supp. 772, 782 (D. Conn. 1996) ("In forma pauperis status does not require the Government to advance funds to pay for deposition expenses."); Fernandez v. Kash N' Karry Food Stores, Inc., 136 F.R.D. 495, 496

(M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff); see also Nowlin v. Lusk, No. 11CV712S, 2014 WL 298155, at *9 (W.D.N.Y. Jan. 28, 2014) ("The costs of a deposition (the fees for swearing the oaths for testimony, the costs of recording testimony, and, if by remote means, the costs of setting up the recording) is usually borne by the party taking the deposition, even when that party is proceeding pro se and granted in forma pauperis status."). These deposition costs include not only any fees, but the cost of the court reporter's services as well as the cost for copies of the transcripts. Id. Plaintiff's motion is denied, as Plaintiff is not entitled to depositions to be paid for by either Defendants or the Court.

C. Plaintiff's Motion to Compel Discovery, (Doc. No. 59)

The Court next considers Plaintiff's Motion to Compel Discovery, filed on December 2, 2016, in which Plaintiff seeks an order from the Court requiring Defendants Houser, Humphries, and Piland to answer the Interrogatories and Requests for Production of Documents that Plaintiff has provided to each Defendant. The Court denies the motion for the reasons stated in Defendants' opposition brief, in which Defendants assert that the motion is moot because Defendants have since responded to the discovery requests from Plaintiff.

D. Plaintiff's Motion for Extension of Time to Respond to Discovery, (Doc. No. 67)

The Court next considers Plaintiff's Motion for Extension of Time to Respond to Discovery, filed on December 8, 2016. In his motion, Plaintiff explains that he refused to sit for his deposition scheduled for November 29, 2016, because Defendants had not yet complied with Plaintiff's discovery requests. Plaintiff seeks "an extension of time to respond to discovery since the Defendants' attorneys [have] failed to comply with discovery." (Doc. No. 67 at 2). Plaintiff's motion is denied as moot since the Court is requiring, through this Order, Plaintiff to sit for his deposition at a time to be determined.

E. Plaintiff's Motion to Present Facts and Injunction Relief, (Doc. No. 68)

The Court next considers Plaintiff's Motion to Present Facts and Injunction Relief, filed on December 8, 2016. In his motion, Plaintiff does not appear to seek any specific action by the Court. Rather, he asks the Court to "take in consideration that all Defendants attorneys' have failed to comply with any of the discovery." The motion will be denied to the extent that Defendants have shown that they have now responded to Plaintiff's discovery requests.

F. Plaintiff's Motion to Subpoena Information, Documents, Audio/Video, (Doc. No. 65)

The Court next considers Plaintiff's Motion to Subpoena Information, Documents, Audio/Video, filed on December 9, 2016. In his motion, Plaintiff seeks discovery through the issuance of subpoenas by this Court of various documents and things, including "all grievances and request of medical facility employees legal mail, and misc."; "Securus Technologies video visitation of Lincoln County Detention Center for the video and audio of all of Plaintiff Joshua Lee Blackwell's visitations from December 6, 2015, to present time"; "all rules, regulations and policies of the Lincoln County Detention Center"; "written statements from the surgeon Dr. Fredrick Hargrove at Graystone Eye in Hickory, North Carolina"; "all video footage and audio of the encounter with Lt. Alan Houser from start to finish" from December 21, 2015 at 4:00 p.m. to 4:30 p.m.; and "all documents also pertaining to the supposed investigation of that day,": "video and audio footage of Plaintiff [] while he was placed in the rubber room at Lincoln County Detention Center" on September 6, 2016, at 9:00 p.m. until September 7, 2016; "video and audio footage of Plaintiff [] and Sgt. R. Jones in the C-Block Dayroom" on November 15, 2016 at 9:40 p.m.; "all copies of instruction on how to use the copier, the functions, the manual guide to the copying machine, and the brand, model, and year of the copying machine" in the intake area of the Lincoln County Detention Center"; and "video and audio of my legal work

being searched on my return back to Lincoln County Detention Center from Central Prison by Lt. Alan Houser" in June 2016.

Plaintiff's motion for the issuance of subpoenas by the Court is denied because it was filed after the deadline for discovery. See, e.g., Fleetwood Transp. Corp. v. Packaging Corp. of Am., No. 1:11MC45, 2011 WL 6151479, at *2 (M.D.N.C. Dec. 12, 2011) ("Upon the determination that a Rule 45 subpoena constitutes discovery, courts have routinely held that said subpoenas served outside of the discovery period are untimely."); Joseph P. Carroll Ltd. v. Baker, No. 09cv3174, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012) ("It is black letter law that parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 as a means to engage in discovery after the discovery deadline has passed.") (internal quotation omitted).

G. Plaintiffs' Motion for an Order to Compel Discovery, (Doc. No. 72)

The Court next considers Plaintiff's Motion for an Order to Compel Discovery, filed on December 16, 2016, and signed by Plaintiff on December 8, 2016. In the motion, Plaintiff seeks an order from the Court compelling Defendant to fully respond to Plaintiff's Interrogatories and Requests for Production of Documents. Plaintiff's motion to compel involves the same discovery requests underlying Plaintiff's first motion to compel, filed on December 2, 2016. Defendants explain in their opposing brief that Plaintiff has now received Defendants' discovery requests and that Plaintiff now seeks an order compelling Defendants to more fully answer five interrogatories, and to respond to requests that Defendants objected to as untimely. The motion also asks for deposition discovery.

Plaintiff's motion is denied for several reasons. First, the motion was signed on December 8, 2016, two days after the period for discovery had already ended. Next, Defendants have shown that they appropriately responded to Plaintiff's discovery requests and that

8

Defendants' objections to various objections were proper. Finally, as to Plaintiff's request for discovery in the form of depositions, the Court has already denied Plaintiff's motion for depositions.

**IV. CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss will be denied to the extent that the Court will not dismiss this action at this time based on Plaintiff's failure to allow his deposition to be taken. However, the Court grants Defendants' alternative motion to compel in that Plaintiff must submit to a deposition, at a time and place to be determined by Defendants. If Plaintiff again refuses to allow Defendants to take his deposition, this matter will be dismissed without further notice to Plaintiff. Plaintiff's pending motions related to his discovery requests are all denied, and this Court will entertain no further motions by Plaintiff regarding discovery, as the deadline for discovery has passed.

**IT IS THEREFORE ORDERED THAT**:

(1) Defendants' Joint Motion to Dismiss or, Alternatively, Motion to Compel Plaintiff's Attendance at Deposition, (Doc. No. 57), is **DENIED** to the extent that the Court will not dismiss this action, and the motion is **GRANTED** to the extent that the Court will compel Plaintiff to sit for his deposition, within sixty (60) days of this Order, at a time and place to be determined by Defendants. Plaintiff's refusal to sit for his deposition will result in the dismissal of this action without further notice to Plaintiff. Furthermore, Plaintiff is responsible for paying the costs incurred by Defendants in traveling to take Plaintiff's deposition on November 29, 2016. Defendants shall submit their travel costs and the court reporter's fee to this Court within a reasonable time, and the Court will thereafter determine how much

of the costs Plaintiff will be responsible to pay.

(2) The following motions are all **DENIED**: (1) Plaintiff's Motion for Depositions, (Doc. No. 54); (2) Plaintiff's Motion to Compel Discovery, (Doc. No. 59); (4) Plaintiff's Motion for Extension of Time to Respond to Discovery, (Doc. No. 67); (5) Plaintiff's Motion to Present Facts and Injunction Relief, (Doc. No. 68); (6) Plaintiff's Motion to Subpoena Information, Documents, Audio/Video, (Doc. No. 65); and (7) Plaintiff's Motion for an Order to Compel Discovery, (Doc. No. 72).

(3) The Court further finds that the deadline for the parties to file dispositive motions shall be extended to thirty (30) days from the date on which Plaintiff's deposition is taken.

Signed: January 27, 2017

Frank D. Whitney
Chief United States District Judge